```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           x    S5 02 Cr. 1237 (SWK)
                                    x
                                    x
                                    x    **OPINION & ORDER**
            -against-               x
                                    x
                                    x
ANGELO DIPIETRO ET. AL.,            x
                                    x
              Defendant.            x
------------------------------------X
```
**SHIRLEY WOHL KRAM, U.S.D.J.**

Defendant Angelo Capalbo seeks to introduce purported summary charts into evidence through proposed witness, Mary Woods.[1] Last week, the Court denied Capalbo's attempt to call Ms. Woods in order to introduce the charts, finding that the charts were unreliable, misleading, and not competent evidence. Having now revised the charts, Capalbo again seeks to introduce them through Ms. Woods. That request is denied. The charts, at least three different versions of which were sent to the Court over the weekend, are not evidence; instead, they appear to be the defendant's interpretation of the evidence. At best, the charts are argument, more properly suited for summation.

---

[1] Ms. Woods, who has been sitting in the courtroom for almost the entire eight weeks of trial, cannot, as the Court indicated last week, testify as a fact witness.

Counsel for Defendant Angelo Capalbo, William I. Aronwald, also indicates that he intends to call as a witness Assistant United States Attorney Leslie Brown (the initial AUSA assigned to this case) to explore the scope of any possible contact between Ms. Brown and the Manhattan District Attorney's Office regarding the prosecution of cooperating witness Din Celaj. The Court will not permit Ms. Brown to testify. Even if Capalbo could establish that: 1) the Government made a false representation to the Court with respect to Celaj's prosecution; 2) that a benefit was conferred on Celaj by charging him federally with felonies; and 3) that Celaj knew about that benefit -- which he quite clearly cannot -- the suggested testimony is wholly irrelevant. Moreover, calling AUSA Brown is clearly inappropriate impeachment through extrinsic evidence.[2] See FRE 608(b).

SO ORDERED.

/s/ Shirley Wohl Kram
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2005
New York, New York

---

[2] It should be noted that this issue appears to be little more than an improper attempt to put the Government on trial.

2