USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/31/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

ANGELO CAPALBO,                 :
                                :    10 Civ. 2563 (LAP) (JLC)
              Petitioner,       :
                                :    02 Crim. 1237 (LAP)
     v.                         :
                                :    ORDER ADOPTING REPORT &
UNITED STATES OF AMERICA,       :    RECOMMENDATION
                                :
              Respondent.       :
------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

     In January 2010, pro se Petitioner Angelo Capalbo

("Petitioner" or "Capalbo") moved pursuant to 28 U.S.C.

§ 2255 to vacate, set aside, or correct a sentence imposed

after his July 12, 2005 conviction for a number of crimes:

(1) conspiracy to commit extortion of John Perazzo

("Perazzo"), in violation of 18 U.S.C. § 1951; (2)

extortion, in violation of 18 U.S.C. § 1951; (3) attempted

extortion, in violation of 18 U.S.C. § 1951; (4) using a

firearm in furtherance of extortion, in violation of 18

U.S.C. § 924(c); (5) obstruction of justice, in violation

of 18 U.S.C. § 1512(b)(2); and (6) conspiracy to transport

stolen property in interstate commerce, in violation of 18

U.S.C. §§ 371, 2314.  Petitioner also moved for the

appointment of counsel.  For the reasons that follow, that

motion is denied.

1

I.    BACKGROUND

On May 20, 2010, the Honorable Richard J. Holwell referred this motion to Magistrate Judge James L. Cott for a Report and Recommendation.   Judge Cott issued that Report and Recommendation (the "R&R") on April 16, 2012. Thereafter, Petitioner filed with the Court a motion to supplement the record with information Petitioner alleged was intentionally withheld from him prior to Judge Cott's issuing his Report and Recommendation.   [See 02 Cr. 1237, dkt. no. 370.]   As a result, Judge Cott issued a Supplemental Report and Recommendation (the "Supplemental R&R") on April 25, 2012, specifically addressing Petitioner's new submission.

Following the filing of the Supplemental Report and Recommendation, however, Petitioner filed with the Court a further motion to include additional information regarding the Government's submission to Judge Cott of an allegedly perjured affidavit by Marc Fernich ("Fernich").  [See 02 Cr. 1237, dkt. no. 380.]  Petitioner also made a motion for permission to file declarations of a Natale Capalbo and a Nicolina Gianzero in further support of that argument, [see 02 Cr. 1237, dkt. no. 379], and did in fact submit the Natale Capalbo Declaration to the Court, attached.  On May 31, 2012, this Court ordered the Government to address the

2

issues raised in Petitioner's subsequent submissions as part of any response it might file to Petitioner's then-forthcoming objections to the Report and Recommendation. [See 10 Civ. 2563, dkt. no. 38; 02 Cr. 1237, dkt. no. 381.]

Petitioner did file his formal objections to the Report and Recommendation on or about June 20, 2012. [See 02 Cr. 1237, dkt. no. 382 ("Pet. Obj.").] The Government then filed its response, including a supplemental Fernich affidavit, on or about June 29, 2012. [See 02 Cr. 1237, dkt. no. 385 ("Govt. Response").] Petitioner filed a formal reply on or about August 22, 2012. [See 10 Civ. 2563, dkt. no. 40; 02 Cr. 1237, dkt. no. 387 ("Pet. Reply".]

In the meantime, however, Petitioner also sent to the Court various other documents. On July 16, 2012, the Court received Petitioner's letter describing supplemental authority in support of his request for an evidentiary hearing on his § 2255 motion, attached. On July 17, 2012, the Court received what Petitioner styled as a "certification" pursuant to Fed. R. Evid. 902(11) of documents he previously attached to his § 2255 motion, attached. Finally, on or about August 28, 2012, the Court received Petitioner's letter requesting leave to submit further supplemental information with respect to the

3

arguments raised in his § 2255 motion as to the

effectiveness of his former counsel, George E. Fufidio, Jr.

("Fufidio"), attached.

II.  ANALYSIS

Having reviewed Judge Cott's exhaustive analysis as

well as the total tonnage of paper filed since the

Supplemental Report and Recommendation on April 25, 2012,

the Court finds that analysis to be correct and appropriate

upon de novo review, see Fed. R. Civ. P. 72(b).

Accordingly, the original Report and Recommendation as well

as the Supplemental Report and Recommendation are adopted

in their entirety, and the Court finds that Petitioner's

claims of ineffective assistance of counsel are without

merit.

1.   Petitioner's Proffer Session Claims

Specifically, the Court agrees that Petitioner's

claims of ineffective assistance as to Fufidio's role in

Petitioner's proffer sessions with the Government fail

because Petitioner cannot establish that (a) he was unaware

of the terms and consequences of participating in those

sessions, and (b) that Fufidio's role in those sessions

fell below an "objective standard of reasonableness," see

Strickland v. Washington, 466 U.S. 668, 688 (1984).  (See

4

R&R, at 16-19.)  Moreover, the Court adopts Judge Cott's
view as stated in the Supplemental Report and
Recommendation that Petitioner's submission of additional
documentary evidence and the additional affidavit of
paralegal William DiGilio ("DiGilio") does not alter the
Court's conclusion that Fufidio's representation was not
constitutionally deficient.  (See Supp. R&R, at 2.)

    2.   Petitioner's Decision Not to Testify at Trial

The Court also agrees that Petitioner's claims
relating to trial counsel William Aronwald's role in
Petitioner's decision whether to testify at trial fail
primarily because Petitioner cannot show, notwithstanding
the apparent conflict between the various accounts
submitted on the motion, that "but for counsel's
unprofessional errors, the result of the proceeding would
have been different," see Strickland, 466 U.S. at 694.
(See R&R, at 22026.)  The Court of Appeals has made clear
that where a defendant's omitted testimony would have
opened the door to the introduction of impeachment
evidence, a district court cannot grant a § 2255 motion on
that basis.  See Rega v. United States, 263 F.3d 18, 26 (2d
Cir. 2001).  Here, the Court agrees that Capalbo's proposed
testimony provides "no evidence of significance that is not
wholly dependent on either his credibility or on the

incredibility of the witnesses against him."  Id. at 22.

Accordingly, even assuming Aronwald inappropriately coerced

Petitioner's choice not to testify (and the Court makes no

such finding on this record), it is not a basis on which

the Court may grant habeas relief.  (See R&R, at 25-26.)

Once again, the Court adopts Judge Cott's conclusion in the

Supplemental Report and Recommendation that Petitioner's

supplemental filings do not alter the Court's conclusion

that he cannot satisfy the Strickland requirement of

prejudice as to these allegations.  (See Supp. R&R, at 3.)

### 3.  Petitioner's "Bruton" Claims

The Court also adopts Judge Cott's findings with

respect to the co-defendant statements offered at trial

that Petitioner argues violated Bruton v. United States,

391 U.S. 123 (1968).  The Court of Appeals has stated that

there can be no Bruton violation where a co-defendant's

statement is revised to substitute the defendant's name for

a generic term such as "the guy" or the "other person."

See United States v. Brown, 374 F. App'x 208, 210-11 (2d

Cir. 2010); see also United States v. Jass, 569 F.3d 47, 56

(2d Cir. 2009) ("[A] redacted statement in which the names

of co-defendants are replaced by neutral pronouns, with no

indication to the jury that the original statement

contained actual names, and where the statement standing

6

alone does not otherwise connect co-defendants to the
crimes, may be admitted without violating a co-defendant's
Bruton rights.") (internal quotation marks omitted).  As
Judge Cott noted, the statements at issue here made no
direct reference to Petitioner, instead substituting
phrases such as "some others," "another party," "the last
person that arrived," "another individual," and the
"gentleman who arrived late."  (See R&R, at 28.)  Moreover,
each statement was offered with a limiting instruction.
(See id. at 28-29.)  Accordingly, the Court agrees with
Judge Cott's conclusion that any failure on Aronwald's part
to object to the introduction of these statements states no
claim for relief as the statements themselves were properly
"Brutonized."  (See id.)  Petitioner's claims as they
pertain to Fernich's supposed failure to raise this issue
on appeal fail for the same reason.[1]

    4.   Petitioner's Trial Performance Claims

    The Court also agrees with Judge Cott's findings as to
each of the allegations Petitioner makes regarding

---

[1] The Court also agrees that to the extent the motion can be
construed to challenge Judge Shirley Wohl Kram's decision
to admit these statements with limiting instructions over
counsel's objections, these claims are procedurally barred
from review as they could have been, but were not, raised
on direct appeal.  See Bousley v. United States, 523 U.S.
614, 622 (1998).

Aronwald's effectiveness at trial, namely that Aronwald

failed to investigate and present certain trial witnesses,

failed to secure admission of wiretap audiotapes into

evidence, and failed to investigate co-defendant Michael

Pizzuti's ("Pizzuti") role in the underlying criminal

scheme.  (See R&R, at 35-38.)  In adopting these findings,

the Court is mindful that each of Petitioner's claims

relates to the sort of "strategic choices made after

thorough investigation of law and facts relevant to

plausible options [that] are virtually unchallengeable" on

habeas review.  See Strickland, 466 U.S. at 690.

    5.    Petitioner's "Crawford" Objection Claims

    The Court further agrees that Petitioner's claims

regarding Aronwald's and Fernich's supposed failures to

raise evidentiary objections under Crawford v. Washington,

541 U.S. 36 (2004), and Melendez-Diaz v. Massachusetts, 557

U.S. 305 (2009), fail because, as Judge Cott explains, the

evidence at issue was not offered at trial in order to

establish the truth of the matters asserted.  (See R&R, at

38-40.)  Where that is the case, neither Crawford nor

Melendez-Diaz is implicated.  See United States v. Stewart,

433 F.3d 273, 291 (2d Cir. 2006) ("Crawford expressly

confirmed that the categorical exclusion of out-of-court

statements that were not subject to contemporaneous cross-

examination does not extend to evidence offered for
purposes other than to establish the truth of the matter
asserted."). Accordingly, these "failures" even if
established do not form the basis for habeas relief.

   6.   Petitioner's Speedy Trial Act Claims

      As to Petitioner's claims regarding counsel's alleged
failures to move to dismiss the indictment, the Court
agrees with Judge Cott's determination that Petitioner has
failed to make even a prima facie case for a violation of
the Speedy Trial Act (assuming, arguendo, that such a claim
is not already procedurally barred as it was not raised at
trial or on appeal) and has failed to make anything but the
most conclusory allegations regarding the Government's pre-
indictment delay.  (See R&R, at 41-42.)

   7.   Petitioner's Sentencing-Related Claims

      Nor can this Court sustain Petitioner's sentencing-
related claims because he cannot, as Judge Cott notes,
demonstrate that but for Fernich's supposed deficiencies,
the result of the proceedings would have been different.
See Puglisi v. United States, 586 F.3d 209, 215 (2d Cir.
2009).  In his motion to include additional information
regarding the Government's submission to Judge Cott of an
allegedly perjured affidavit by Fernich, Petitioner asserts

that Fernich failed to "establish" at sentencing that co-
defendant Pizutti was "actually" cooperating witness
Perazzo's "partner in [a] pyramid scheme and was stealing
hundreds of thousands of dollars worth of money including
[Petitioner's] own." [See 02 Cr. 1237, dkt. no. 380.]
Despite what appears to be, at minimum, conflicting
recollections as to whether Petitioner ever informed
Fernich that Pizzuti was a supposed partner in the scheme
or asked Fernich to raise that allegation at trial, the
Government notes as part of Fernich's supplemental
affidavit that (1) the jury had already rejected Capalbo's
claim that he acted lawfully as a legitimate investor duped
by Perazzo; (2) the issue of a Pizzuti and Perazzo
partnership had no bearing on Capalbo's culpability or
punishment; (3) even if relevant, that allegation was
better raised as a merits defense at trial, not for the
first time at sentencing; and (4) the disparity between
Capalbo's and Pizzuti's sentences reflects the fact that
Capalbo was convicted of more counts and received
difference sentencing enhancements. (See Govt. Response,
Ex. A ("Fernich Affidavit").)  Indeed, Judge Cott
previously found that Petitioner's sentencing claims as to
Fernich failed in part for these precise reasons.  (See
R&R. at 42-44.)  The Court therefore concludes that this

collateral dispute as to Petitioner's discussions with Fernich in 2006 implicates no material fact relevant to the habeas claims.[2]

Finally, the Court agrees with Judge Cott's conclusion that Petitioner's claims regarding Fernich's alleged failures to raise sentencing issues on appeal fail, if for no other reason, because there was no "reasonable probability" that any of the claims Petitioner describes would have been successful on appeal. See, e.g., Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) ("[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that

---

[2] For this reason, contrary to Petitioner's arguments in his Reply, the question of authenticity as to the letter Petitioner attached to his motion is not grounds for an evidentiary hearing on the matter. (See Pet. Reply at 3.) Because the Court has determined that this dispute is immaterial to the merits of the habeas petition, no hearing is required. See Sylvester v. United States, 369 F. App'x 216, 218 (2d Cir. 2010).

The Court further rejects Petitioner's claim that the Government's Response, together with the new Fernich Affidavit, were filed either ex parte or on different dates. (See Pet. Reply at 2-3.) While the Fernich Affidavit may have been executed on June 21, 2012, it was filed publicly with the Court as an exhibit to the Government's Response on June 29, 2012. [See 02 Cr. 1237, dkt. no. 385.] Moreover, Petitioner concedes he received a copy of the Government Response and Fernich Affidavit by mail. (See Pet. Reply at 3.)

could be made.") (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)).

   8.   Petitioner's Additional Objections and Filings;
        Need for Evidentiary Hearing

   The Court has reviewed Petitioner's Objections to the Report and Recommendation as well as his Reply and his supplemental filings as described above.  Except for those issues specifically addressed above, the Court finds the objections to be without merit and the supplemental filings merely cumulative of issues already decided.[3]  The Court agrees with Judge Cott that no evidentiary hearing is required.  (See R&R at 53.)  While it is true that a petitioner seeking a hearing on an ineffective assistance of counsel claim "need only establish that he has a plausible claim of ineffective assistance of counsel, not that he will necessarily succeed on that claim," Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011) (internal

---

[3] The Court has reviewed, for example, the Natale Capalbo Declaration Petitioner submitted on or about June 27, 2012, as well as his July 17, 2012 "certification" pursuant to Fed. R. Evid. 902(11) of documents he previously attached to his § 2255 motion, attached.  Both of these submissions go to Petitioner's arguments regarding Fernich's effectiveness at sentencing.  The Court concludes that neither submission raises new facts that alter Judge Cott's conclusions in the Report and Recommendation.  While Judge Cott did observe that certain of Petitioner's submissions lacked facial credibility on account of being undated, unsigned, unsworn, and not made under penalty of perjury, (see, e.g., R&R at 17 n.8), these deficiencies were not a basis for decision.

quotation marks omitted), it is also true that he must

establish that claim with "specific facts which he is in a

position to establish by competent evidence," LoCascio v.

United States, 395 F.3d 51, 57 (2d Cir. 2005).  The Court

of Appeals has made clear that even where facts are

disputed in a habeas proceeding, courts may decline

evidentiary hearings where resolution of the issues is

possible on the basis of the written submissions.  See

Sylvester, 369 F. App'x at 218.  Moreover, in pleading for

habeas relief on the basis of ineffective assistance of

counsel, the onus remains on Petitioner to plead both the

relevant facts and the required "prejudice" under the

Strickland standard.  See Strickland, 466 U.S. at 694.

On this petition, the Court has adopted Judge Cott's

findings as stated throughout the Report and Recommendation

that, viewing the extensive and exhaustive record in the

light most favorable to him, Petitioner cannot establish

that he suffered prejudice under Strickland as a result of

the alleged ineffective assistance of counsel on any of his

23 grounds for relief.  (See, e.g., R&R at 55.)  Where that

is the case, and notwithstanding clearly disputed of issues

fact, courts in this district have declined to hold

evidentiary hearings and denied petitions for habeas

relief.  See, e.g., Perez v. United States, No. 09 Civ. 20,

13

2012 WL 1067549, at *5 (D. Conn. Mar. 30, 2012) (no hearing

necessary where petitioner could not establish prejudice,

even where counsel's failure to afford right to testify was

error, because of "potentially very damaging cross-

examination") (citation omitted); Colotti v. United States,

No. 11 Civ. 1402, 2011 WL 6778475, at *7-8 (S.D.N.Y. Dec.

21, 2011) (no hearing necessary where petitioner could not

show prejudice resulting from counsel's alleged failure to

advise him of right to testify).  Moreover, where "it

plainly appears from the motion, any attached exhibits, and

the record of prior proceedings that the moving party is

not entitled to relief, the judge must dismiss the motion."

28 U.S.C § 2255 Rule 4(b).[4]


## CONCLUSION

For the foregoing reasons, Petioner's motion pursuant

to 28 U.S.C. § 2255 to vacate, set aside, or correct his

sentence and for the appointment of counsel [10 Civ. 2563,

dkt. no. 1] is denied.  As the Court has already accepted

---

[4] The Court has reviewed the supplemental authority
Petitioner submitted on this point on or about July 16,
2012, attached, and finds the cases referenced therein
inapposite, in addition to being non-binding authority from
federal district courts outside this Circuit.  Unlike those
cases, Judge Cott has specifically noted here the extensive
record available for review.  (See, e.g., R&R at 9 & n.5
(describing the record and Petitioner's opportunities to
supplement the record).)

and reviewed the Natale Capalbo Declaration referred to in
Petitioner's criminal motion [02 Cr. 1237, dkt. no. 379],
that motion is denied as moot.  To the extent Petitioner
has requested leave to file additional materials related to
Fufidio's representation, such leave is denied in light of
Petitioner's ample opportunities to supplement this record.
The Clerk of the Court is directed to terminate the civil
case.  The Court declines to issue a certificate of
appealability as there has been no "substantial showing of
the denial of a constitutional right."  See 28 U.S.C. §
2253(c)(2); United States v. Perez, 129 F.3d 255, 260 (2d
Cir. 1997).


SO ORDERED.

Dated:  August 3/ , 2012

                                    LORETTA A. PRESKA
                                    Chief U.S. District Judge

15

June 21, 2012

Chief Judge Loretta A. Preska
500 Pearl Street
New York, N.Y.   10007

**RECEIVED**

~~JUN 27 2012~~

LORETTA A. PRESKA
CHIEF U.S. DISTRICT JUDGE
S.D.N.Y.

RE:   United States v. Capalbo
      10 Civ. 2563
      02 Cr.  1237

Dear Judge Preska:

    Attached is a properly executed declaration by Natale
Capalbo.  Said declaration evidences that Mr. Fernich never
interviewed him and if he was contacted by Mr. Fernich he
would have gladly appeared to testify.

    This is being submitted to directly address the finding
by Magistrate Judge Cott that it was unlikely that the investment
contracts could be authenticated.

    I respectfully request leave to submit said declartion.
I was not noticed of this allegation until release of Judge
Cott's opinion.

    I thank Your Honor in advance for the Court's kind
attention to this matter.

                              Respectfully submitted,

                              Angelo Capalbo

cc:  United States Magistrate Judge Cott
     AUSA John Reh

Natale Capalbo
9 Wilshire Drive
White Plains, NY 10605


United States Of America)
                        )
            v.          )
                        )
Angelo Capalbo_____)

DECLARATION

I, Natale Capalbo, do hereby state as follows:

1. I am the son of Angelo Capalbo.

2. I invested a total of $3,000 with John Perazzo.
   The funds where withdrawn from my personal
   savings account at Hudson Valley bank on
   Scarsdale Rd. in Yonkers N.Y. This was the total
   sum I invested with Mr. John Perazzo.

3. I have reviewed the attached document that is
   identified as App. 237 — 238 This is the contract
   I received from John Perazzo that represented my
   $3,000 investment.

4. I was never contacted by Mr. Fernich for the
   interview related to my investment with John
   Perazzo.

5. If requested, I would have gladly appeared in the
   court to authenticate said document and to testify as
   to my total amount of the investment with John
   Perazzo.

I hereby certify the foregoing is true and correct in
accordance with 28 U.S.C. z1746

Dated: __5/8/2012__                    _____

                                        Natale Capalbo

**TSCFINANCIAL CORP.**
**11 MARTINE AVENUE**
**WHITE PLAINS, NEW YORK 10606**
**PHONE : 914 681-0138**
**FAX    : 914 997-1230**

October 1st, 2000

Angelo & Nicolina Capalbo
5 Rosewood Road
White Plains, New York 10605

Funds Received for
Natale J. Capalbo

Dear Mr. Capalbo,

This letter will confirm the receipt of your $3,000. US$ (Three Thousand US$) by TSCFinancial Corp. for Natale. Date of Birth August 3rd, 1981 Social Security No. 043-844-355. Maturity of this instrument will be on October 3rd, 2008.

At the end of the first year value in the amount of $15,000. US$. (Fifteen Thousand US$). At the end of the first year an amount of $3,000. US$ will be added to the total amount, making the new amount at the end of the first year $18,000. US$. (Eighteen Thousand US$).

Each and every year an amount of $18,000. US$ will be added to the total amount at the end of the 1st year for Natale. Maturity in 8 ¾ years or May 3rd, 2008 will equal an amount of $167,000. US$ (One Hundred Sixty Seven Thousand US$).

If Natale decides to remove all at this time then your total amount is the $167,000 US$. If he attempts to remove at any time prior to maturity, Angelo & Nicolina must both approve in writing to TSCFinancial Corp. (TSCF) and the amount will be pro-rated per the withdrawal date.

If Natale decides to keep all or part of her funds with TSCF after the maturity date for a period of 5 years or more then her funds will increase by 50% at the maturity date of August 3rd, 2008.

A?? 237

Looking forward to a very prosperous relationship.

NOTES: 1) As stated within, any and all withdrawals from Virginia's account prior to maturity must be approved by both Angelo and Nicolina and either one if one has passed on.

2) In the event of the passing of BOTH Angelo and Nicolina prior to the maturity of this instrument and an Administrator is assigned, TSCFinancial Corp. reserves the right to make absolutely sure that any withdrawals from Virginia's account by the Administrator is for the sole benefit of Natale.

3) If there is disagreement between the Administrator and TSCFinancial Corp., it is hereby agreed that the matter will be turned over to arbitration and their decision will be final.

Yours very truly,


JP
Pres./CEO
TSCFinancial Corp.

JEP/as

Agreed: _____   Date __/__/__
        Angelo Capalbo


_____   Date __/__/__
    Nicolina Capalbo

App. 238

July 10, 2012

Honorable Loretta A. Preska
Chief Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007

**RECEIVED**

JUL 16 2012

LORETTA A. PRESKA
CHIEF U.S. DISTRICT JUDGE
S.D.N.Y.

Re:   United States v. Capalbo
      Civ. No. 10-2563
      Cr. No.  02-1237

Dear Judge Preska:

Magistrate Judge Cott, recommended dismissal of my §2255 motion without an evidentiary hearing, on my denial of the right to testify claim.

In doing so, he appeared to concede, I would have a right to a hearing on the ineffective prong, however, I could not prove prejudice. As evidenced by my objections, I respectfully but strenuously disagree with Judge Cott's opinion.

Although not binding on Your Honor, I have found two cases that hold for the proposition, if a defendant in the §2255 context, is able to establish he has a right to a hearing on the ineffective prong, he would then have the same right as to the prejudice prong. See United States v. Mangiardi, 173 F.Supp.2d 292, (M.D.Pa. 2001)(deferring ruling on claim of ineffective assistance of counsel related to counsel's alleged interference with defendant's right to testify until after evidentiary hearing); United States v. Rodriguez, 153 F.Supp.2d 590 (E.D.Pa. 2001)(habeas petitioner's ineffective assistance claim that counsel refused to let him testify deferred until after evidentiary hearing where record devoid of facts surrounding petitioner's decision not to testify and allegations, if proven, could entitle petitioner to relief).

A review of these cases, appears to carve out an exception, in this specific area to the general proposition that the Court can dismiss a §2255 without a hearing if the Petitioner apparently may have difficulty in establishing both prongs.

Honorable Loretta A. Preska
July 10, 2012
Page 2

     This procedure would make sense, in light of the importance
of the right and the need to have the attorney take the stand
and explain his actions and consider the cross-examination
of the Attorney's explanation and/or position of prejudice from
the defense viewpoint.

     The procedure is more enhanced in my case than the Court
faced in Mangiardi or Rodriguez.  Although Attorney and myself
have different recollections as to Aronwald's actions of coercion,
Aronwald will testify that Attorney Fufidio engaged in woefully
deficient performance in directing me to engage in multiple
proffer sessions without investigating the case and considering
my need and right to testify.

     If a hearing is held, we all will have the added benefit
of hearing Attorney Aronwald's position on Attorney Fufidio's
actions, how it affected Aronwald's strategy and the prejudice
the defense suffered.

     As always, Your Honor's kind attention to this matter is
greatly appreciated.


                                   Respectfully yours,



                                   Angelo Capalbo
                                   Reg. No. 55941-054
                                   FCI Fort Dix
                                   P.O. Box 2000
                                   Fort Dix, New Jersey 08640



     cc:   AUSA John Reh
           U.S.M.J. Cott

7-10-12

DEAR JUDGE PRESKA:

PLEASE EXEPT THIS MOTION, I WROTE THIS ON DAYS PRYOR TO APRIL 30TH, I DO NOT KNOW IF I EVER MAILED OUT BUT IF I DID THEN PLEASE DISDRIGART IT. I THANK YOU FOR THE ATTENTION IN THIS MATTER. RESPECTFULLY YOURS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————X
ANGELO CAPALBO,                         :        10CIV 2563
          Petitioner,                   :        02Cr. 1237
                                        :
                                        :
          V.                            :
                                        :
                                        :
UNITED STATES OF AMERICA,               :
          Respondent.                   :
————————————————————X

**RECEIVED**

JUL 17 2012

LORETTA A. PRESKA
CHIEF U.S. DISTRICT JUDGE
S.D.N.Y.

PETITIONER ANGELO CAPALBO'S
MOTION TO ACCEPT 902(11) CERTIFICATION
————————————————————

Petitioner Angelo Capalbo, pro se, respectfully requests this Honorable Court accept Petitioner Angelo Capalbo's 902(11) certification.  Petitioner avers the following in support of this request;

1.  Pending before this Honorable Court is Petitioner's 28 U.S.C. §2255 motion.

2.  In a recent report and recommendation issued by the magistrate judge, the judge criticized Capalbo for not filing an affirmation in support of documents that established that Petitioner's 228 month sentence was constitutionally infirm.

3.  Whether said finding, is erroneous, or not, since Petitioner's liberty is at stake, in the abundance of caution, Petitioner is filing a 902(11) declaration to support the authenticity of documents, that establishes Petitioner was sentenced based on an erroneous guideline calculation.

-1-

4.   The proponent of a business record may choose to
present the foundation by a certification that complies with
Fed.R.Evid. 902(11).   See Fed.R.Evid. 902(11).

5.   The term "custodian or other qualified witness" in Fed.
R.Evid. 803(6) and 902(11) (qualified person) is generally given
a broad interpretation.   The witness need only have enough
familiarity with the record keeping system of the business in
question to explain how the record came into question came
into existence in the ordinary course of business.   See United
States v. Lauerson, 348 F.3d 329 (2nd Cir. 2003).

6.   The records in question are critical.   They establish
that Attorney Fernich rendered ineffective assistance of counsel,
and prejudice ensued. As Capablo was sentenced by the Court based
on an incorrect guideline calculation, he suffers irreperable harm.

For the foregoing reasons, Petitioner Angelo Capalbo, pro se,
respectfully requests, this Honorable Couert,.accept the attached
902(11) declaration.

Respectfully submitted,

Angelo Capalbo
Reg. No. 55941-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

## DECLARATION

I, Angelo Capalbo, hereby states as follows;

1.   I have reviewed the documents identified in Pet. App. 17-18; 237 - 250.

2.   Said documents were;

    a.   made at or near the time of the occurrence of the matters set forth by, or from information transmitted by a person with knowledge of these matters.

    b.   kept in the course of the regularly conducted activity.

    c.   were made by the regularly conducted activity as a regular practice.

I hereby certify the foregoing is true and correct in accordance with 28 U.S.C. §1746.

Dated:   4/30/12

Angelo Capalbo

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I placed a true and correct copy of Petitioner Angelo Capalbo's Motion to Accept 902(11) Certification, in the institutional depository at FCI Fort Dix on the 30th day of April, 2012, addressed to counsel listed below;

John M. Reh
United States Attorney's Office
One St. Andrews Plaza
New York, N.Y.  10007

Angelo Capalbo

August 20, 2012

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
United States Courthouse
United States Courthouse
500 Pearl Street
New York, New York  10007

**RECEIVED**

_ _ _ ⁄ 8 2012

LORETTA A. PRESKA
CHIEF U.S. DISTRICT JUDGE
S.D.N.Y.

RE:   Angelo Capalbo v. United States
      10 Civ. 2563 (LAP), 02 Cr. 1237
      (LAP)

Dear Chief Judge Preska:

I write to Your Honor regarding the above referenced case.

I am currently indigent and I cannot afford counsel.

However, I have been able to secure the services of an expert in attorney ethics. I have been informed that within the next (30) days a report can be completed in support of my claims related to ineffective assistance of counsel involving Attorney Fufidio.

As I am sure Your Honor understands this is a very important matter to me. As I am indigent I could not find an attorney who would undertake this substantial task on a pro bono basis until now.

The Government will not be prejudiced if this request is granted.

I thank Your Honor in advance for the Court's kind attention to my request.

Respectfully yours,

Angelo Capalbo

cc:   John M. Reh, AUSA